UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | * * * | CIVIL NO. 4:22-cv-00071-SMR-SBJ |
| Plaintiff, | * * | |
| v. | * * | |
| CAMBRIDGE INVESTMENT RESEARCH ADVISORS, INC. and CAMBRIDGE INVESTMENT RESEARCH, INC., | * * * * * | ORDER |
| Defendants. | * * | |

## I. INTRODUCTION

The United States Securities and Exchange Commission ("SEC") brought this action against Cambridge Investment Research Advisors, Inc. ("CIRA") and Cambridge Investment Research, Inc. ("CIRI") (collectively "Defendants"). The SEC contends defendant CIRA repeatedly breached its fiduciary duty to its advisory clients by failing to disclose material conflicts of interest, including that some investment choices generated additional revenue for its affiliate CIRI and allowed CIRA to avoid paying fees. Dkt. 1 ¶ 3. As alleged by the SEC, "CIRA and CIRI, acting as CIRA's affiliated broker-dealer, collectively benefited by millions of dollars as a result of CIRA breaching its fiduciary duty and defrauding its clients." *Id.* ¶ 5. The SEC claims CIRA violated the Investment Advisers Act of 1940 and seeks injunctive relief, monetary penalties, and disgorgement of all ill-gotten gains. *Id.* ¶ 14. Defendants deny the alleged violations and assert several affirmative defenses. Dkt. 9.

Now before the Court is Defendants' Motion to Reopen Deposition of Marti P. Murray (Dkt. 125). Murray was designated as an expert witness by the SEC and prepared a 198-page expert

report and a 57-page rebuttal report on behalf of the SEC. Dkt. 125-3; Dkt. 143-2. Defendants' counsel took the deposition of Murray on January 25, 2024. Dkt. 125-4. Defendants complain "Murray spent a substantial amount of time reading her own report – around 30 minutes[,] additionally spent a substantial amount of time reading portions of the [r]eports out loud in response to questions by Defendants' counsel[,] and refused to answer certain questions and often provided responses that were irrelevant to the question posed." Dkt. 125 ¶¶ 7-9. Defendants request "an order reopening the deposition . . . for two (2) hours, with instruction that Murray answer questions posed to her directly and without filibustering." *Id*. p. 3.

Defendants submitted a supporting brief (Dkt. 125-2) setting forth examples of the asserted "filibustering" tactics, the Export Report of Marti P. Murray dated October 6, 2023 (Dkt. 125-3), the transcript of the deposition of Murray (Dkt. 125-4), and video clips of several portions of the deposition (Dkt. 125-5).

The SEC resists the motion. Dkt. 143. First, the SEC maintains the motion is untimely under Local Rule 37(c) and contends Defendants did not establish good cause for the belatedness. *Id*. pp. 4-6. In addition, the SEC maintains "Murray comported herself admirably throughout her deposition, providing responsive, cogent answers [and,] rather than 'filibustering,' Murray consistently gave concise answers—even while reviewing or referencing her expert reports." *Id*. p. 4. It is emphasized that, within the two reports, Murphy "meticulously stated her opinions, her underlying reasoning, and provided robust footnotes with the basis for every proposition." *Id*. p. 6. From the SEC's perspective, it was understandable Murray relied upon and read from her reports to answer many of the questions. *Id.* As argued by the SEC:

> Murray isn't a percipient witness whose independent recollection of underlying events are somehow relevant. Rather, she's an expert, whose sole purpose here is to offer the opinions set forth in her reports. She thus has a right to review those reports while being asked questions about those opinions.

2

*Id.* p. 9. It is noted Defendants' own expert witness "spent fully 30 minutes over the course of his deposition silently reading his expert report [and also] read aloud from his report." *Id.* p. 10. The SEC asserts "the transcript of Murray's deposition reflects a witness who did her level best to provide short, responsive answers in the face of considerable antagonism" and, therefore, the motion should be denied. The SEC submitted the Export Rebuttal Report of Marti P. Murray dated January 17, 2024 (Dkt. 143-2).

Defendants filed a reply asking the "Court to reject the SEC's roadblocks and review the ninety minutes of the twenty deposition video clips to judge for itself whether Ms. Murray 'comported herself admirably.'" Dkt. 154 p. 1. Defendants dispute the motion was untimely and emphasize they request "only [] a modest reopening of Ms. Murray's deposition with an unobjectionable instruction that Ms. Murray stop evading and filibustering" in contrast to "an avalanche of *Daubert* motions" filed by the SEC. *Id.* p. 2. They maintain their motion "is unlike motions to compel that seek to obtain more discovery" and argue there is no prejudice to the SEC and the case will not be delayed. *Id.* p. 3. Defendants contend "Murray's tactic in repeatedly reading from the report rather than directly responding to questions completely undermined [Defendants'] ability to test her knowledge, her assumptions, and her opinions." *Id.* p. 4.

The Court has reviewed the parties' submissions and considered the arguments and referenced legal authority. Oral argument by counsel is not necessary. L.R. 7(c). For the reasons which follow, the motion is denied.

## II. COURT'S DECISION

The Federal Rules of Civil Procedure govern the procedure in all civil actions before this Court, including the discovery process. The procedural rules of discovery "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Doing so here, the Court begins

with the timeliness of Defendants' motion as challenged by the SEC.

Pursuant to Local Rule 37(c), "[m]otions to compel must be filed as soon as practicable. In any event, except for good cause shown, motions to compel must be filed within 14 days after the discovery deadline." L.R. 37(c). District courts have "'considerable discretion in applying its local rules.'" *R.A.D. Servs. LLC v. State Farm Fire & Cas. Co.*, 60 F.4th 408, 412 (8th Cir. 2023) (quoting *Buffets, Inc. v. Leischow*, 732 F.3d 889, 895 (8th Cir. 2013)); *see also Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 961 (8th Cir. 2023) (citing *R.A.D. Servs.*, 60 F.4th at 412). Moreover, "[a] local rule of a district court has the force of law." *Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997). As explained by the Eighth Circuit:

> local rules in aid of federal procedural rules and laws of Congress are specifically authorized by Federal Rule of Civil Procedure 83(a)(1). One of the most common types of local rules . . . are rules on when and how motions are to be presented and heard . . . and such rules have routinely been upheld. A local rule of a district court has the force of law . . . and the parties are charged with knowledge of the district court's rules the same as with knowledge of the Federal Rules and all federal law.

*Id.* (internal citations omitted); *see also Magdy v. I.C. Sys., Inc.*, 47 F.4th 884, 890 (8th Cir. 2022) (citing *Jetton*, 121 F.3d at 426); *Rock v. Smith*, 2013 WL 12408125, at *2-3 (S.D. Iowa 2013) (denying motion to compel as untimely under Local Rule 37(c)).

In this case, the deposition of Murray was taken January 25, 2024, and the deadline to complete expert discovery expired February 7, 2024. *See* Dkt. 106. Defendants filed their motion to "reopen" the deposition a month later on March 8, 2024. Dkt. 125. On an initial point, the Court disagrees with Defendants' assertions "[t]here was no deadline specific to this type of motion" and it "is unlike motions to compel that seek to obtain more discovery." Dkt. 154 p. 3. While captioned as a motion to "reopen" deposition (to which there is no applicable rule of procedure), the relief being sought by Defendants is clearly to compel the SEC to produce Murray to obtain additional discovery via deposition testimony. As such, the Court also disagrees with Defendants' apparent

4

assertion that the deadline to file *Daubert* motions, March 8, 2024, applied to their motion to "reopen" Murray's deposition. It did not.

However, Defendants present sufficient reason for the delay in filing the motion. As explained in a declaration by Defendants' counsel, "[d]ue to repeated issues on the vendor side, Defendants did not receive a properly timestamped deposition transcript until February 29, 2024, and a properly formatted deposition video until March 1, 2024." Dkt. 154-1 ¶ 3. It is further explained counsel conferred with an attorney for the SEC by telephone on February 29, 2024 to discuss the matter, followed by a meet-and-confer on March 5, 2024 and subsequent email setting forth several areas of inquiry Defendants intended to address during the requested additional time to depose Murray, followed by an email from SEC's counsel indicating the request for further deposition time was opposed. *Id.* ¶¶ 4-8. It is noted that "[a]t no time during the teleconference on February 29, nor the meet-and-confer on March 5, nor included in any of the electronic communications passed between the Parties that week did [SEC] object that such a filing would be untimely." *Id.* ¶ 9.

Given the representations within counsel's declaration, the Court is satisfied Defendants have shown good cause for filing their motion outside the bounds of Local Rule 37(c). Most noteworthy, as mandated by Local Rule 37(a), this Court requires counsel to confer in good faith to resolve or narrow by agreement discovery disputes prior to filing motions to compel. Under the particular circumstances here, it would be unjust to penalize Defendants for first waiting for the deposition transcript and video then properly adhering to this Court's good faith conferral requirements before filing the motion.

On the other hand, the Court is not convinced Defendants are entitled to the requested two hours to further depose Murray. Pursuant to Federal Rule of Civil Procedure 30(d), "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R.

5

Civ. P. 30(d). However:

> [t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Fed. R. Civ. P. 30(d). "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed R. Civ. P. 30(d) advisory committee's note to 2000 amendment.

In the Court's opinion, Defendants have not shown good cause to justify additional time to further depose Murray. The Court has reviewed the deposition transcript, the video clips submitted by Defendants, and the reports referred to and read from during the deposition. In the Court's view, Defendants overstate the asserted "filibustering" tactics purportedly utilized by Murray. And Defendants' assertion that "Murray's conduct at the deposition was reprehensible" wildly misses the mark. Instead, Murray's responses appear to be reasonable and appropriate given the questions being asked and the nature of the information being addressed. Murray's conduct as viewed by the Court did not improperly impede, delay, or frustrate counsel's fair examination.

### III. CONCLUSION

For those reasons, Defendants' Motion to Reopen Deposition of Marti P. Murray (Dkt. 125) shall be and is hereby denied.

IT IS SO ORDERED.

Dated May 7, 2024.

Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge