## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> CAMBRIDGE INVESTMENT RESEARCH ADVISORS, INC., <br><br> Defendant, and <br><br> CAMBRIDGE INVESTMENT RESEARCH, INC. <br><br> Relief Defendant. | No. 4:22-cv-00071-SMR-SBJ <br><br><br> **UNOPPOSED MOTION TO ENTER FINAL JUDGMENT AS TO DEFENDANT CAMBRIDGE INVESTMENT RESEARCH ADVISORS, INC.** |

Plaintiff United States Securities and Exchange Commission ("SEC" or "Commission") hereby moves the Court to enter the Final Judgment submitted herewith. The SEC, Defendant Cambridge Investment Research Advisors, Inc. ("CIRA"), and Relief Defendant Cambridge Investment Research, Inc. ("CIRI") (collectively the "Parties") have reached a settlement of this matter, and CIRA has consented to the entry of the Final Judgment. Further, the Parties have agreed to enter a stipulated dismissal as to CIRI upon entry of the Final Judgment, which will fully resolve the litigation in this matter. In support of this Motion, which CIRA and CIRI do not oppose, the SEC states:

### BACKGROUND

1.      On March 1, 2022, the SEC filed its Complaint against CIRA alleging violations of Sections 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), and Rule 206(4)-7 thereunder. The SEC also alleged a relief defendant claim against CIRI.

2.      As previewed for the Court during a telephonic hearing on January 7, 2025, and
the Parties' Joint Status Report filed on January 28, 2025, the Parties have reached a settlement
in this case which the Commission has now approved. Attached hereto as **Exhibit 1** is the
executed Consent of CIRA and CIRI. The Consent sets forth the terms of the settlement with the
SEC.

3.      Attached hereto as **Exhibit 2** is the proposed Final Judgment to which CIRA has
agreed. The Consent includes consent to entry of the Final Judgment.

4.      The proposed Final Judgment against CIRA includes, among other things,
permanent injunctive relief, disgorgement of $10,164,698, with prejudgment interest of
$3,035,302, a civil money penalty of $1,800,000, and a Defendant-administered distribution of
the settlement proceeds through a fair fund established by the Court pursuant to Section 308(a)
of the Sarbanes-Oxley Act of 2002, as amended by the Dodd-Frank Wall Street Reform and
Consumer Protection Act of 2010 [15 U.S.C. § 7246].

5.      In addition, as referenced in paragraph 15 of the Consent, pursuant to Federal
Rule of Civil Procedure 41(a)(1)(A)(ii), CIRA and CIRI stipulate to the SEC's voluntary
dismissal, with prejudice, of Count III of the SEC's Complaint against relief defendant CIRI. A
stipulation of dismissal signed by all Parties will be filed with the Court upon entry of the Final
Judgment, which will fully resolve the litigation in this matter.

## APPROVAL OF SETTLEMENT TERMS

6.      In cases implicating important public interests, the Eighth Circuit has recognized
that district courts have a role in approving settlement agreements. *See, e.g., EEOC v. Prod.
Fabricators, Inc.*, 666 F.3d 1170, 1172-74 (8th Cir. 2020) (settlement involving alleged
violations of ADA); *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018-21 (8th Cir.

2002) (settlement involving CERCLA claims); *SEC v. Kleyman*, No. 21-cv-1943, 2021 WL 4622227, at *1 (D. Minn. Oct. 7, 2021) (settlement in SEC enforcement action). Here, the proposed settlement implicates significant public interests – namely, defending the integrity of the securities markets, protecting investors by identifying and addressing securities fraud, and deterring future misconduct. *See Kleyman*, 2021 WL 4622227, at *1.

7.      Accordingly, before entering a consent judgment, this Court must find that the proposed judgment is (1) fair; (2) reasonable; and (3) consistent with the governing law. *See BP Amoco Oil*, 277 F.3d at 1018 (citing *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 94 (1st Cir. 1990)); *see also United States v. Dico, Inc.*, 516 F. Supp. 3d 839, 846 (S.D. Iowa 2021) (approving consent decree in CERCLA action); *Kleyman*, 2021 WL 4622227, at *1. The decision whether to approve the settlement rests within the discretion of this Court. *Prod. Fabricators*, 666 F.3d at 1172.

## I.    **Fairness**

8.      Fairness includes both procedural and substantive fairness. *BP Amoco*, 277 F.3d at 1018; *Dico*, 516 F. Supp. 3d at 846. To measure procedural fairness, the reviewing court should determine whether the government and the settling defendant were "negotiating in good faith and at arm's length" when crafting the proposed consent judgment. *BP Amoco*, 277 F.3d at 1020. Substantive fairness involves consideration of "corrective justice and accountability: a party should bear the cost of the harm for which it is legally responsible." *Id*. (quoting *Cannons*, 899 F.2d at 87).

9.      Here, the proposed Final Judgment is procedurally fair given the proposed Final Judgment and Consent are the result of a good-faith compromise of contested claims following extensive, hard-fought litigation and several months of arms-length negotiations between

experienced counsel for the Parties, aided by a private mediation. *Cf. Ctr. For Biological Diversity v. Strommen*, 114 F.4th 939, 942 (8th Cir. 2024) (approving "hard-fought compromise" settlement related to violations of the Endangered Species Act after more than a year of litigation, several months of negotiations, and significant input from subject matter experts).

10.     Given the allegations in the Complaint, which CIRA neither admits nor denies, the relief set forth in the Final Judgment reflects a substantively fair resolution of this matter. CIRA will be enjoined from future violations of these laws. CIRA also will pay civil penalties for the alleged violations, together with disgorgement and prejudgment interest, and will be responsible for distributing the settlement amount to alleged harmed investors. *Cf. Kleyman*, 2021 WL 4622227, at *2.

11.     While the proposed Final Judgment excludes the SEC's claim against relief defendant CIRI, the stipulated dismissal as to CIRI is appropriate because CIRA is agreeing to pay all disgorgement and has represented that it is in possession of the amounts subject to disgorgement. (*See* Exhibit 1 at ¶ 14.) Therefore, the SEC no longer needs to pursue its relief defendant claim against CIRI.

## II.     Reasonableness

12.     Reasonableness in SEC enforcement matters is a multifaceted inquiry that includes: (1) the basic legality of the settlement; (2) whether the terms of the settlement, including its enforcement mechanism, are clear; (3) whether the settlement reflects a resolution of the actual claims in the complaint; and (4) whether the settlement is tainted by improper collusion or corruption of some kind. *See SEC v. Citigroup Global Mkts., Inc.*, 752 F.3d 285, 294-95 (2d Cir. 2014) (internal citations omitted); *United States v. City of Waterloo*, No. 15-CV-2087, 2016 WL 254725, at *5 (N.D. Iowa Jan. 20, 2016) (in settlement involving Clean Water

Act, citing *Citigroup Global* as listing the factors considered in SEC consent decrees); *Kleyman*, 2021 WL 4622227, at *2 (relying on *Citigroup Global* factors).[1]

13.     Here, the basic legality of the proposed Final Judgment is supported by the record and the relevant law. Injunctive relief, disgorgement, prejudgment interest, civil penalties, and creation of a fair fund are appropriate forms of relief obtained in cases such as this and consistent with, and proportionate to, the allegations in the Complaint. *See Kleyman*, 2021 WL 4622227, at **2, 3 (citing authorities); 15 U.S.C. § 80b-9(d) (injunctive relief under Advisers Act); 15 U.S.C. § 80b-9(e) (civil penalties under Advisers Act); 15 U.S.C. § 78u(d)(5), (7) (equitable relief and disgorgement under any provision of the securities laws); 15 U.S.C. § 7246 (fair fund for investors).

14.     The terms of the settlement, including enforcement mechanisms, are also clear. The proposed Final Judgment provides, among other things, that this Court will retain jurisdiction for the purposes of enforcement and that the SEC may enforce the Court's judgment for monetary relief by using all collection procedures authorized by law and by moving for civil contempt. (*See* Exhibit 2 at Sec. III); *cf. Kleyman*, 2021 WL 4622227, at *3 (similar provisions "clearly define who may bring an enforcement action, for what kinds of violations, and in what manner").

15.     The proposed Final Judgment also reflects a resolution of the actual claims in the Complaint and is not tainted by improper collusion or corruption nor disserves the public interest. *See id.*

---

[1] *Cf. Ctr. for Biological Diversity*, 114 F.4th at 943-44 (stating reasonableness includes whether the settlement resolved a dispute within the court's subject-matter jurisdiction, if the relief "com[es] within the general scope of the case made by the pleadings," and if it "further[s] the objectives of the law upon which the complaint was based") (internal quotations and citations omitted).

### III.    <u>Consistency with Governing Law</u>

16.    A consent judgment also must be consistent with the overarching principles of the governing law. *Id.* (citing *Cannons*, 899 F.2d at 90-93); *Ctr. for Biological Diversity*, 114 F.4th at 945 ("[P]arties to a consent decree cannot agree to 'violate the law'") (citations omitted). As discussed above, in cases alleging violations of the securities laws, district courts have broad authority to grant appropriate injunctive relief, order the payment of disgorgement, interest, and civil penalties, and have such monetary relief distributed to harmed investors via a fair fund. *See also SEC v. Westport Cap. Mkts., LLC*, 547 F. Supp. 3d 157 (D. Conn. 2021) (ordering injunctive relief, disgorgement, interest, civil penalties, and creation of fair fund for violations of the Advisers Act). As such, the proposed Final Judgment is consistent with the laws that govern this dispute.

WHEREFORE, the SEC respectfully requests that the Court grant this unopposed Motion and enter the proposed Final Judgment attached hereto.

Dated: March 7, 2025                    Respectfully submitted,

<div style="margin-left:40%">

/s/ David F. Benson_____
TIMOTHY J. STOCKWELL
JONATHAN S. POLISH
DAVID F. BENSON
JEFFREY A. SHANK
175 West Jackson Boulevard, Suite 1450
Chicago, Illinois 60604
Telephone: (312) 596-6049
Facsimile: (312) 353-7398
Email: bensond@sec.gov

**ATTORNEYS FOR PLAINTIFF UNITED
STATES SECURITIES AND
EXCHANGE COMMISSION**

</div>