# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>CAMBRIDGE INVESTMENT RESEARCH ADVISORS, INC.,<br><br>   Defendant, and<br><br>CAMBRIDGE INVESTMENT RESEARCH, INC.,<br><br>   Relief Defendant. | No. 4:22-cv-00071-SMR-SBJ |

**FINAL JUDGMENT AS TO DEFENDANT**
**CAMBRIDGE INVETMENT RESEARCH ADVISORS, INC.**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Cambridge Investment Research Advisors, Inc. ("CIRA" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 206(2) of the

Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(2)] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly, to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. § 275.206(4)-7] by use of the mails or any means or instrumentality of interstate commenrce, directly or indirectly, while acting as an investment adviser registered or required to be registered with the Commission, to provide investment advice to clients without adopting and implementing written policies and procedures reasonably designed to prevent violation, by Defendant or Defendant's supervised persons, of the Advisers Act and the rules the Commission has adopted under the Advisers Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $10,164,698, representing net profits gained and net losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,035,302, and a civil penalty in the amount of $1,800,000 pursuant to Section 209(e) of the Advisers Act. Defendant shall satisfy this obligation by paying $15,000,000 in accordance with Section IV within 14 days after entry of this Final Judgment.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Court hereby establishes a Fund pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002 (the "Fair Fund") for the disgorgement, prejudgment interest, and civil penalties ordered.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of

compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

(i) Within fourteen (14) days of the entry of the Final Judgment, Defendant shall deposit $15,000,000 (the Fair Fund) into an escrow account at a financial institution not unacceptable to the Commission staff and Defendant shall provide evidence of such deposit in a form acceptable to the Commission staff. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The account holding the

|   |   |
|---|---|
|   | assets of the Fair Fund shall bear the name and the taxpayer identification number of the Fair Fund.  If timely payment into the escrow account is not made, additional interest shall accrue pursuant to SEC Rule of Practice 600 [17 C.F.R. § 201.600] and/or 31 U.S.C. § 3717. |
| (ii) | Defendant shall be responsible for administering the Fair Fund and may hire a professional at its own cost to assist it in the administration of the distribution.  The costs and expenses of administering the Fair Fund, including any such professional services, shall be borne by Defendant and shall not be paid out of the Fair Fund. |
| (iii) | Defendant shall distribute from the Fair Fund an amount based on the financial harm to current and former CIRA advisory clients between January 1, 2014 and December 31, 2021, consisting of (a) the amount of excess fees paid by clients who purchased or held no-transaction fee mutual fund share classes that generated revenue sharing when a share class of the same fund was available to the client with a lower expense ratio; (b) the amount of reduced return for clients who purchased or held cash sweep money market funds that generated revenue sharing when a share class of the same fund, or a nearly identical fund, was available to the client with a higher return; and (c) the amount of excess fees paid by clients who were converted from a non-retirement, traditional non-wrap account to CIRA's WealthPort Wrap program and incurred higher fees than they would have had they not been converted (collectively "Affected Advisory Clients").  The distribution will be made pursuant to a disbursement calculation (the "Calculation") that will be submitted to, reviewed, and approved by the Commission staff in accordance with Section IV.  To the extent the total amount of financial harm to Affected Advisory Clients exceeds the amount of |

the Fair Fund, Defendant will calculate and distribute a *pro rata* percentage of the Fair Fund to each Affected Advisory Client based on the client's *pro rata* financial harm during the period. The Calculation shall be subject to a *de minimis* threshold. No portion of the Fair Fund shall be paid to any account in which CIRA, Cambridge Investment Research, Inc., or any of their current or former officers or directors has a financial interest.

(iv) Defendant shall, within ninety (90) days of the entry of the Final Judgment, submit the Calculation to the Commission staff for review and approval. At or around the time of submission of the proposed Calculation to the staff, Defendant shall make itself available, and shall require any third parties or professionals retained by Defendant to assist in formulating the methodology for its Calculation and/or administration of the distribution to be available for a conference call with the Commission staff to explain the methodology used in preparing the proposed Calculation and its implementation, and to provide the staff with an opportunity to ask questions. Defendant also shall provide the Commission staff such additional information and supporting documentation as the Commission staff may request for the purpose of its review. In the event of one or more objections by the Commission staff to Defendant's proposed Calculation or any of its information or supporting documentation, Defendant shall submit a revised Calculation for the review and approval of the Commission staff or additional information or supporting documentation within ten (10) days of the date that the Commission staff notifies Defendant of the objection. The revised Calculation shall be subject to all of the provisions set forth in Section IV.

(v)      Defendant shall, within thirty (30) days of the written approval of the Calculation by the Commission staff, submit a payment file (the "Payment File") for review and acceptance by the Commission staff demonstrating the application of the methodology to each Affected Advisory Client. The Payment File should identify, at a minimum: (1) the name of each Affected Advisory Client; (2) the net amount of the payment to be made, less any tax withholding; (3) the amount of any *de minimis* threshold to be applied; and (4) the amount of reasonable interest paid, if applicable. Defendant shall exclude from the Payment File all payments to payees that appear on the U.S. Treasury Department Specially Designated Nationals List.

(vi)      Defendant shall, within thirty (30) days of the date the Commission staff approves the Payment File, notify Affected Advisory Clients of the settlement terms of the Final Judgment to each Affected Advisory Client via mail, email, or such other method not unacceptable to the Commission staff, together with a cover letter in a form not unacceptable to the Commission staff.

(vii)      Defendant shall disburse all amounts payable to Affected Advisory Clients within ninety (90) days of the date the Commission staff approves the Payment File. Defendant shall notify the Commission staff of the date[s] and the amounts paid in the distribution.

(viii)      If Defendant is unable to distribute or return any portion of the Fair Fund for any reason, including an inability to locate an Affected Advisory Client or a beneficial owner of an Affected Advisory Client's account or any other factors beyond Defendant's control, Defendant shall transfer any such undistributed funds to the Commission for transmittal to the United States Treasury subject to Section

21F(g)(3) of the Securities Exchange Act of 1934 once the distribution of funds is complete. Payment must be made in one of the following ways:

    (a)    Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

    (b)    Defendant may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

    (c)    Defendant may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> HQ Bldg., Room 181, AMZ-341
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

(ix)    Payments by check or money order must be accompanied by a cover letter identifying the payor as a Defendant in these proceedings, and the file number of these proceedings; a copy of the cover letter and check or money order must be sent to Jeffrey Shank, Assistant Regional Director, Securities and Exchange Commission, 175 West Jackson Boulevard, Suite 1450, Chicago, IL 60604.

(x)    A Fair Fund is a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code ("IRC"), 26 U.S.C. §§ 1.468B.1-1.468B.5. Defendant agrees to be responsible for all tax compliance responsibilities associated with the Fair Fund's status as a QSF. These responsibilities involve reporting and paying requirements of the Fund, including but not limited to: (1) tax returns for the Fair Fund; (2) information return reporting regarding payments to Affected Advisory

|     |     |
| --- | --- |
|     | Clients, as required by applicable codes and regulations; and (3) obligations resulting from compliance with the Foreign Account Tax Compliance Act. Defendant may retain any professional services necessary.  The costs and expenses of tax compliance, including any such professional services, shall be borne by Defendant and shall not be paid out of the Fair Fund. |
| (xi) | Within one hundred fifty (150) days after Defendant completes the disbursement of all amounts payable to Affected Advisory Clients, Defendant shall return all undisbursed funds to the Commission pursuant to the instructions set forth in this Section IV.  Defendant shall then submit to the Commission staff a final accounting and certification of the disposition of the Fair Fund for the Commission to submit for Court approval, which final accounting and certification shall include, but not be limited to:  (1) the amount paid to each payee, with the reasonable interest amount, if any, reported separately; (2) the date of each payment; (3) the check number or other identifier of the money transferred; (4) the amount of any returned payment and the date received; (5) a description of the efforts to locate a prospective payee whose payment was returned or to whom payment was not made for any reason; (6) the total amount, if any, to be forwarded to the Commission, which will present the Court with a recommendation for disposition of the funds; and (7) an affirmation that Defendant has made payments from the Fair Fund to affected investors in accordance with the Calculation approved by the Commission staff.  The final accounting and certification shall be submitted under a cover letter that identifies Defendant and the file number of these proceedings to Jeffrey Shank, Assistant Regional Director, Securities and Exchange Commission, 175 West Jackson |

        Boulevard, Suite 1450, Chicago, IL 60604. Defendant shall provide any and all supporting documentation for the accounting and certification to the Commission staff upon its request and shall cooperate with any additional requests by the Commission staff in connection with the accounting and certification.

(xii)    The Court may extend any of the procedural dates set forth in this Section IV for good cause shown. Deadlines for dates relating to the Fair Fund shall be counted in calendar days, except if the last day falls on a weekend or federal holiday, the next business day shall be considered the last day.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE